```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT AUGUSTUS SMITH,

               Plaintiff,

vs.                                      Case No. 2:08-cv-628-FtM-29SPC

MRS. H. BARTALOTTA, Mail Clerk of
Charlotte County Jail,

               Defendant.
_____

## **OPINION AND ORDER**

### **I.**

This matter comes before the Court upon review of Defendant Bartalotta's Motion to Dismiss (Doc. #16, Mot. Dismiss), filed December 18, 2008. Plaintiff has not filed a response to the motion and the time to do so has expired.[1] This matter is ripe for review.

Plaintiff, who is proceeding *pro se* and in the custody of the Florida Department of Corrections, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) on August 8, 2008. The Complaint named as Defendants the Charlotte County Sheriff, John Davenport, and the mail room clerk from the Charlotte County Jail, H. Bartalotta. Complaint at 4. Before directing service of process on the Defendants, the Court entered an Order

---

[1] The Court previously advised Plaintiff that if a defendant files a motion to dismiss, Plaintiff would have 20 days to file a response. See Doc. #10.

*sua sponte* dismissing Defendant Davenport pursuant to § 1915. See Oct. 21, 2008 Order. Consequently, this case remains pending only against Defendant Bartalotta.

The Complaint alleges that Plaintiff's First Amendment rights were violated when Defendant Bartalotta opened his incoming legal mail outside of his presence while he was incarcerated in the Charlotte County Jail. Complaint at 5. Plaintiff states that he mailed a letter addressed to his attorney Chris Brown, in which he told Brown that he had a conflict of interest with the State Attorney's Office. Plaintiff states that on or about June 11 or June 17th, 2008, the legal mail was returned to him because it had insufficient postage. Id. The mail, however, which Plaintiff states was clearly marked "legal mail," was opened out of his presence by the mail clerk. Id. As relief, Plaintiff asks for $100,000 for the violation of his rights and to ensure that "this does not happen again." Id. at 7.

**II.**

Defendant Bartalotta moves to dismiss the action, arguing that Plaintiff has failed to allege any facts that the single incident of interference with his mail prejudiced his access to the court. Mot. Dismiss at 3. Defendant further argues that there are no allegations that Bartalotta acted deliberately and/or maliciously. Id. at 3-4. Defendant also argues that the Complaint does not set forth any facts indicating that the one incident of interference

with legal mail impeded upon Plaintiff's right to free speech.  Id.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  See Bell Atlantic Corp. v. Twombly, ____ U.S. _____, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims").  With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements."  Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)).  The heightened pleading standard is not otherwise applicable.  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the

complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

### III.

Interference with an inmate's "legal mail" implicates an inmate's right of access to courts and free speech as guaranteed by the First and Fourteenth Amendments of the United States Constitution. Pocunier v. Martinez, 416 U.S. 396, 417 (1974), over ruled in part Thornburgh v. Abbot, 490 U.S. 401, 411-414 (1989) (overruling Martinez to the extent that the case distinguished incoming mail from prisoners verses incoming mail from non-prisoners in determining the appropriate standard of review); Al-Amin v. Smith, 511 F.3d 1317 (11th Cir. 2008). In addition to the prisoners, the prisoners' correspondents have an interest in uncensored communication by letter grounded in the First and Fourteenth Amendments. Martinez, 416 U.S. at 417. "Censorship" means either the direct practice of refusing to deliver mail from prisoners to outside correspondents or vice versa, or the indirect interference, such as, writing an inmate with an "objectionable

letter" a disciplinary report. Taylor, 532 F.3d 462, 469 (5th Cir. 1976)(explaining Martinez, 416 U.S. 396). While inmates have a legal right to receive mail from their counsel uncensored by prison officials, opening legal mail in the presence of the inmate does not constitute "censorship" when the mail is not read. Wolff v. McDonnell, 418 U.S. 539, 577 (1974); Lemon v. Dugger, 931 F.2d 1465, 1467 (11th Cir. 1991).

A prison regulation regarding outgoing inmate correspondence must be "generally necessary" to a legitimate governmental interest. Thornburgh, 490 U.S. at 411 (interpreting Martinez, 416 U.S. 396); Spradley v. Sistrunk, Case No. 2:92-cv-136-FTM-17D, 1996 WL 467511 *4 (M.D. Fla. Aug. 13, 1996)(citing Thornburgh, 490 U.S. at 414). There must be "a 'close fit' between the challenged regulation and the interest purported to serve." Thronburgh, 490 U.S. at 411. Indeed, outgoing correspondence is less of an issue for prison security and order than the implication of incoming materials. Id. The Courts have recognized, however, that the rights of inmates must be exercised with due regard for the "'inordinately difficult undertaking' that is modern prison administration." Thornburgh, 490 U.S. at 407. Prison officials may impose regulations necessary for the operation and administration of the facility, including inspecting the contents of the prisoners' outgoing mail as long as "accompanied by minimum procedural safeguards." Martinez, 416 U.S. at 417; see also Al-Amin, 511 F.3d at 1333-1334.

In the case *sub judice*, it is clear that Plaintiff's letter to his attorney constitutes legal mail. See generally Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976) (correspondence addressed to the courts, prosecuting attorneys, parole or probation officers, and identifiable attorneys is privileged); Lemon, 931 F.2d at 1467 (letters to a prisoner's attorney constitutes legal mail). The issue in this case is whether an isolated incident of jail personnel opening incoming legal mail rises to the level of a constitutional violation when there are no allegations in the Complaint that the Defendant acted with an improper motive and there was no resultant harm. Other courts have found, under similar circumstances, that the allegations constitute mere negligence and do not rise to the level of a § 1983 action. See Rix v. Wells, Case No. 8:08-cv-1728-T-30MAP, 2008 WL 4279661 *3 (M.D. Fla. Sept. 16, 2008)(quoting Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)(finding allegation of two incidents of mail interference did not warrant relief where plaintiff failed to allege invidious intent or actual harm)). This Court agrees.

Here, Plaintiff states that his incoming legal mail was opened on one occasion in June 2008 by the jail's mail clerk. Plaintiff's legal mail was, in fact, being returned to him because he placed insufficient postage on the mail. The Complaint contains no allegations that Defendant Bartalotta, or any other officers at the jail, acted with an improper motive when opening the mail. Plaintiff, in fact, states that it was another corrections officer

at the jail who noticed that Plaintiff's legal mail had been opened and called the fact to Plaintiff's attention. The Court finds that this isolated incident of accidently opening legal mail does not arise to the level of a constitutional claim. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990)(finding that an "isolated incident, without any evidence of improper motive or resulting interference with [Plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997)(finding that an isolated incident of inadvertent opening of incoming legal mail, without evidence of improper motive or resulting interference with inmate's right to counsel or access to courts, does not rise to level of constitutional violation); Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989)(finding inadvertent opening of inmate's legal mail, while not to be condoned, constitutes mere negligence and does not rise to the level of a constitutional rights violation cognizable under 42 U.S.C. § 1983).

The Complaint does not appear to allege a denial of access to the courts claim. Liberally construing the Complaint, an access to the court claim also fails. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). The Complaint contains no allegations that the isolated interference with Plaintiff's legal mail caused Plaintiff harm or prejudice in a criminal appeal, post-conviction

matter, or in a § 1983 action. <u>Lewis</u>, 518 U.S. at 349-351. Moreover, a plaintiff cannot establish the "injury" element, which is required to state an access to the court claim, unless the case that plaintiff was unable to pursue had arguable merit. <u>Id.</u> at 353; <u>Wilson</u>, 163 F.3d 1291. The letter in this case pertained to a purported conflict of interest with the State Attorney's Office. Based on the foregoing, Defendant Bartlotta's Motion to Dismiss is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #16) is **GRANTED** and this case is **dismissed without prejudice**.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   13th   day of April, 2009.

```
                                  _____
                                  JOHN E. STEELE
                                  United States District Judge
```

SA: alj
Copies: All Parties of Record